IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:10-582-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Sheldon Maurice Bradley, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B). ECF No. 404. Defendant seeks modification of his sentence based upon the Supreme Court's recent decision in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321 (2012). The Government agrees that Defendant is entitled to relief, but not under § 3582(b)(1)(C).

Upon review, the court finds that it lacks jurisdiction to modify Defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(B). This statutory section provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 3582(c)(1)(B). "[A] district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or *another statute* or Rule 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(b)) (second emphasis in original). *See also United States v. Rodriguez*, 112 F.3d 26, 29 (1st Cir. 1997) ("[C]ourts are not free to resentence at will; a statute or Rule 35 must authorize such an exercise of jurisdiction.").

"The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory

1

authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010). "Decisions from other courts suggest that 28 U.S.C. § 2106-the statute authorizing resentencing on remand from an appeal-falls within [the purview of § 3582(c)(1)(B)], as do those statutes governing resentencing after post-conviction relief." *United States v. Garcia-Quintanilla*, 574 F.3d 295, 303 (5th Cir. 2009). *See also United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (modification of sentence available only pursuant to statutory authority, to include §§ 2106 and 2255). As noted by the Second Circuit,

> The legislative history of § 3582 contains only one reference to § 3582(c)(1)(B), but this reference is illuminating. After describing § 3582 as allowing for three "safety valves" in which sentence modifications are permitted, the Senate Report on the Crime Control Act of 1984 explains that "[s]ubsection (c)(1)(B) simply notes the authority to modify a sentence *if modification is permitted by statute*." S.Rep. No. 98-225 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3304 (emphases added).

*United States v. Triestman*, 178 F.3d 624, 629 (2d Cir. 1999). It thus appears that the court's authority to correct Defendant's sentence in this circumstance must derive from 28 U.S.C. § 2255, as Title 18, United States Code Section 841, the relevant statute affected by the Supreme Court's *Dorsey* decision, does not "expressly contemplate, either in its text or context, the modification of a previously-imposed sentence." *Garcia-Quintanilla*, 574 F.3d at 303.[1]

**MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

Defendant's motion is more properly construed as a motion for relief under 28 U.S.C. § 2255.

---

[1] Some district courts have noted that a motion for relief under § 3582(c)(1)(B) might be a proper vehicle for a motion for sentence reduction after enactment of the FSA. *See*, *e.g.*, *United States v. Price*, 2012 WL 3263577 (S.D. Ill.); *United States v. London*, 2011 WL 31294 (D.S.C. 2011); *United States v. Magee*, 2010 WL 3829349 (E.D. La. 2010); *United States v. King*, 2010 WL 3490266 (M.D. Fl. 2010). However, these decisions are not published and, in light of the positions of several circuit courts as noted above, the court finds these decisions unpersuasive.

Defendant has not previously filed a § 2255 motion.[2] However, if this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[3]

Because these limitations affect future filings by Defendant if this court construes the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed August 7, 2012, as a motion for relief under § 2255. Defendant shall have the opportunity to amend this motion, to include all the grounds for relief he wishes to pursue, by **September 7, 2012**.[4] If Defendant chooses to amend to assert additional grounds for relief, he

---

[2] Defendant was sentenced to 120 months' imprisonment on November 9, 2010. The Judgment Order was filed November 10, 2010. Defendant did not appeal his conviction or sentence. It therefore appears that the time for filing a § 2255 has expired. The Supreme Court has determined that "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is generally reserved for those instances where Defendant was prevented from filing a petition, or extraordinary circumstances beyond Defendant's control control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).
In this case, the court finds equitable tolling would be applicable to Defendant's motion, insofar as Defendant seeks relief under *Dorsey*.

[3] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.

[4] On August 2, 2012, the undersigned appointed the Federal Public Defender to pursue relief on Defendant's behalf in light of the Supreme Court's ruling in *Dorsey*. To the extent necessary, the

3

should communicate this to the Federal Public Defender, who shall notify the court of the grounds Defendant wishes to include in his motion for relief. The court will thereafter allow the Federal Public Defender to withdraw, and will issue a scheduling order directing the Government to respond.

If Defendant chooses not to amend the currently-filed motion to include other grounds for relief, he should notify the Federal Public Defender and the court in writing of that decision by **September 7, 2012**. If Defendant chooses not to amend the currently-filed motion with additional grounds for relief, the motion will be converted to a motion for relief under § 2255, relief based on *Dorsey* will be granted, and the matter set for resentencing.

The Clerk shall serve a copy of this Order on the Defendant, the Federal Public Defender, and the Government.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 22, 2012

---

court now finds that the interests of justice require appointment of counsel to pursue a motion for relief under 28 U.S.C. § 2255. *See* 18 U.S.C. § 3006A(a)(2)(B). Defendant should communicate his wishes regarding amendment to the Federal Public Defender.